UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KONINKLIJKE AHOLD N.V. (ROYAL AHOLD),<br><br>Defendant. | No. 04 1742<br><br>FILED<br><br>OCT 1 8 2004<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## FINAL JUDGMENT AS TO DEFENDANT
## KONINKLIJKE AHOLD N.V. (ROYAL AHOLD)

Plaintiff Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendant Koninklijke Ahold N.V. (Royal Ahold) ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

    made, in light of the circumstances under which they were made, not misleading;

    or

(c)  to engage in any transaction, practice, or course of business which operates or

    would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant, Defendant's officers, agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 13(a) and 13(b)(2)(A) and (B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A) and (B)] and Exchange Act Rules 12b-20, 13a-1, and 13a-16 [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-16] by:

(a)  failing to file with the Commission annual and other reports in accordance with

    such rules and regulations as the Commission may prescribe as necessary or

    appropriate for the proper protection of investors and to insure fair dealing in the

    security;

(b)  failing to make and keep books, records, and accounts, which, in reasonable

    detail, accurately and fairly reflect the transactions and dispositions of Defendant's

    assets;

(c)  failing to devise and maintain a system of internal accounting controls sufficient

    to provide reasonable assurances that:

  (i)  transactions are executed in accordance with management's general or specific authorization;

  (ii)  transactions are recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (II) to maintain accountability for assets;

  (iii)  access to assets is permitted only in accordance with management's general or specific authorization; and

  (iv)  the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences; or

(d)  failing to add to a statement or report, in addition to the information expressly required to be included, such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent to which this Final Judgment is attached is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

October 18, 2004

_____
UNITED STATES DISTRICT JUDGE